UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Ben Tesler | ) | Chapter 7 |
| | ) | BK Case No. 21-00472 |
| Debtor | ) | |
| | ) | Honorable David D. Cleary |
| ------------------------------------------------------------ | ) | |
| | ) | |
| 4820 & 4901, Ltd. | ) | |
| Plaintiff | ) | |
| v. | ) | Adv Pro No. |
| | ) | |
| Ben Tesler | ) | |
| Defendant | ) | |

**COMPRAINT BY 4820 & 4901, LTD**
**UNDER 11 U.S.C. 727 OBJECTING TO**
<u>**DISCHARGE OF DEBTOR**</u>

Plaintiff in this adversary proceeding, 4820 7 4901, Ltd. ("Plaintiff"), by its undersigned attorneys, as and for his complaint pursuant to Sections 727 of Title 11 of the United States Code (the "Bankruptcy Code") objecting to the discharge of a debtor filed against the defendant, Ben Tesler ("Debtor"), alleges upon knowledge as to its own acts and otherwise upon information and belief as follows:

<u>**JURISDICTION AND VENUE**</u>

1. This adversary proceeding arises in the above-captioned chapter 7 case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409(b) because this proceeding arises in and is related to Debtor's bankruptcy case pending in this District. Debtor has stated his residence to be in Cook County, Illinois.

4.  This proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J).

## PARTIES

5.  Plaintiff is an individual creditor which timely filed a proof of claim in this case.

6.  Debtor is an individual who has stated his residence as 3163 Hill Lane, Wilmette, Illinois 60091. Debtor is a principal in a number of different moving and trucking companies.

## FACTUAL ALLEGATIONS

7.  On January 14, 2021, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

8.  David P. Liebowitz was appointed chapter 7 trustee for this case (the "Bankruptcy Trustee").

9.  Prior to the Petition Date, Plaintiff filed a complaint against Debtor in the Circuit Court of Cook County which commenced a case assigned number 19L003740 (the "State Court Action") seeking to collect on a $100,000 Promissory Note executed by Debtor in payment for past due rent owed by one of Debtor's moving and trucking companies, Olympic Moving & Storage, Inc. ("Olympic Moving"). On January

22, 2020, Plaintiff obtained a judgment against Debtor and initiated supplementary proceedings in the State Court Action.

10. Plaintiff has reviewed the Petition, Schedules of Assets and Liabilities, and Statement of Financial Affairs filed by Debtor on January 14, 2021 (the "Schedules"), and finds that these do not provide a true and accurate statement of Debtor's assets, liabilities and financial history.

11. Debtor failed to list all of his assets on the Schedules. The following assets which existed prior to the Petition Date were not listed by Debtor on his Schedules, rather were discovered by Plaintiff and his counsel through discovery of Plaintiff.

(a) Equity in Olympic Moving: Upon information and belief, Debtor owns 100% of the equity of Olympic Moving which is an Illinois corporation through which Plaintiff operated a moving and trucking company.

(b) Equity in Unlimited Moving and Storage: Upon information and belief, Debtor owns equity of Unlimited Moving and Storage LLC which is an Illinois limited liability company through which Plaintiff operated a moving and trucking company.

(c) Business Property.

(i) Olympic Moving: Olympic Moving is Debtor's *alter ego*, thus Debtor has a direct interest in assets used by Olympic Moving in its business including trucks, office equipment and accounts receivable.

(ii) MV Moving: Debtor owns 100% of the equity of MV Moving. Upon information and belief, MV Moving is also Debtor's *alter ego* thus Debtor has a direct interest in its assets.

3

(d) Personal Property: Debtor disclosed minimal personal property and valued it on his Schedule B at amounts roughly equal to the statutory exemptions. Debtor disclosed just $750 in household goods, $200 in clothing, $750 in electronics and $7,000 in vehicles. Yet, Debtor lived in a 1,804 square foot home in Chicago, Illinois. According to the contents estimator program used by Kemper Insurance Company and found at www.cfluent.com/covgc/kah, the minimal personal property contents for a home comparable to this real property is $47,401. Debtor failed to perform any inventory of his personal property.

12. Debtor has failed to explain the disposition of certain of his assets prior to or after the Petition Date. The following assets were discovered by counsel for Plaintiff through discovery of Debtor and third parties in the State Court Action, but Debtor claims such assets no longer exist without providing an explanation for or documentation of their disposition:

(a) Personal Property: The personal property located at Debtor's Residence which was not disclosed.

(b) Business Property: The trucks, office equipment and accounts receivable of both Olympic Moving and MV Moving.

13. Debtor failed to list any payments made by him during the 90 day period prior to the filing of this bankruptcy case as required in response to Question 6 of the Statement of Financial Affairs ("SOFA"). Debtor claimed that his debts are primarily non-consumer, but Plaintiff's review of Debtor's Schedule D and E show the only obvious non-consumer debt is Plaintiff's judgment. Debtor also listed none of the

customary utilities that an individual would pay each month as creditors. Unless Debtor pre-paid his utilities, it is likely he omitted liabilities.

14. Debtor listed only one transfer made to an insider during the two years prior to the filing of this bankruptcy case as required in response to Question 10 of the Statement of Financial Affairs. Given that Debtor claims to have made $78,000 in wages and further operated various moving and trucking companies, it seems improbable that Debtor failed to transfer funds to insiders such as his wife.

15. Debtor either has failed to keep proper records of his assets and liabilities or has destroyed or concealed such records. Plaintiff has expended significant time and effort in obtaining discovery from Debtor and third parties through citations in the State Court Case and this case through Bankruptcy Rule 2004 discovery in this case. Debtor failed to produce essential documents including credit card statements, asset transfer records and business records.

## STATUTORY PREDICATES FOR RELIEF

16. The statutory predicates for the relief requested herein are 11 U.S.C. 727 which governs the discharge of a debtor.

17. Debtor's discharge should be denied based on Sections 727(a)(2), (3), (4)(A), (4)(D), (5), (6) and (7).

## FIRST CAUSE OF ACTION

### 11 U.S.C. §727 (a)(2)
### Transferring, Removing and Concealing Assets

18. Plaintiff repeats the allegations in paragraphs 5 to 17 as if set forth fully herein.

19. Section 727(a)(2) of the Bankruptcy Code provides:

5

>(a) The court shall grant the debtor a discharge, unless -
>
>>(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -
>
>>(A) property of the debtor, within one year before the date of the filing of the petition; or
>
>>(B) property of the estate, after the date of the filing of the petition[.]

11 U.S.C. §727(a)(2).

20. The specific assets which Debtor concealed are listed in paragraph 11 above and are (a) the equity in Olympic Moving, (b) business property including Olympic Moving and MV Moving trucks, office equipment and accounts receivable, (c) personal property exceeding the minimal amounts disclosed.

21. Debtor intentionally did not list each of these assets on his Schedules. The result of Debtor's actions would have been to remove these assets from the bankruptcy estate, but for Plaintiff discovering the existence of these assets.

22. Debtor's intent in transferring such assets from his estate and concealing them from creditors is evidenced by (a) the intentional failure to list such assets on Debtor's Schedules; and (b) his failure to provide complete responses to discovery.

23. Actual intent to hinder, delay, or defraud may be proven by circumstantial evidence or by inferences drawn from a debtor's course of conduct. In re Meyer, 307 B.R. 87 (Bankr. NDIL 2004)(J.Schmetterer) citing In re Krehl, 86 F.3d 737, 744 (7th Cir. 1996). Certain circumstantial factors, or "badges of fraud" may warrant an

6

inference of fraudulent intent. These include: (a) the lack or inadequacy of consideration; (b) the family, friendship or close associate relationship between the parties; (c) the retention of possession, benefit or use of the property in question; (d) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (e) the general chronology of the events and transactions under inquiry.

24. As to each of the assets at issue, Debtor retains possession, benefit or use of the property in question or did so until such time as Debtor transferred the asset As to each of the assets at issue, Debtor's overall course of conduct was to conceal the assets and after such assets were discovered by Plaintiff to fail to respond completely to inquiries regarding the assets and their current status.

25. Based on the foregoing, Debtor's discharge should be denied under Section 727(a)(2).

## SECOND CAUSE OF ACTION

## 11 U.S.C. §727(a)(3)

### Denial of Discharge Failure to Keep Records

26. Plaintiff repeats the allegations in paragraphs 5 to 17 as if set forth fully herein.

27. Section 727(a)(3) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless -

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including, books, documents, records, and papers, from which the debtor's financial condition or business transactions might be

ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. §727(a)(3).

28. Section 727(a)(3) requires as a precondition to discharge that a debtor produce records which provide creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present. See e.g. In re Tanglis, 344 B.R. 563 (Bankr. ND IL 2006)(J. Schmetterer), Baccala Realty, Inc. v. Robert James Fink (In re Robert James Fink), Bankruptcy Case No 05B42371, Adv Pro No 06A00903 (Bankr. N.D.IL September 5, 2006)(J. Squires) citing In re Scott, 172 F.3d 959, 969 (7th Cir. 1999). Section 727(a)(3) places an affirmative duty on the debtor to create books and records accurately documenting his financial affairs. In re Robert James Fink, citing In re Juzwiak, 89 F.3d 424, 429 (7th Cir. 1996).

29. The objecting creditor has the initial burden of proving that the debtor failed to keep adequate records. In re Robert James Fink, citing Clean Cut Tree Serv., Inc. v. Costello (In re Costello), 299 B.R. 882, 897 (Bankr. N.D. Ill 2003). "Records are not adequate if they do not provide the trustee or creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present". In re Robert James Fink, citing Bay State Millins Co. V. Martin (In re Martin), 141 B.R. 986, 995 (Bankr. N.D. Ill. 1992).

30. Once the party alleging a violation under Section 727(a)(3) has demonstrated that the debtor's records are inadequate, the burden of production shifts to

8

the debtor to justify the lack of adequate records. In re Robert James Fink, citing Costello, 229 B.R. at 899.

31. In the present case, Debtor has provided little documentation regarding his personal assets and liabilities identified in paragraph or the liabilities identified in paragraph 13 above. Debtor has the business background to know that he must keep records of his business and personal activities and how to keep such records. Debtor has run various moving and trucking companies for over ten years. Debtor has routinely hired outside attorneys and accountants both for personal and business matters. As was the case in In re Tanglis, 344 B.R. 563 (Bankr. ND IL 2006), Debtor had the requisite experience to compile the required business records and either has failed to do so or has refused to turn over such records.

32. Debtor has an obligation to reveal his complete financial condition. Plaintiff should not be required to speculate as to the financial history or condition of Debtor nor should he be compelled to reconstruct Debtor's affairs. "The purpose of §727(a)(3) is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs." Scott, 172 F.3e at 969.

33. Debtor's failure to provide documents in this case is grounds for denial of his discharge under Section 727(a)(3).

### THIRD CAUSE OF ACTION

### 11 U.S.C. §727(a)(4)(A)
### Denial of Discharge False Oaths

34. Plaintiff repeats and realleges the -allegations in paragraphs [5] to [15] as if set forth fully herein.

35. Section 727(a)(4)(A) of the Bankruptcy Code provides in relevant

part:

>(a) The court shall grant the debtor a discharge, unless -
>
>(4) the debtor knowingly and fraudulently, in or in connection with the case –
>
>>(A) made a false oath or account [.]

11 U.S.C. §727(a)(4)(A).

36. The purpose of Section 727(a)(4) is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate. See e.g. In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires) citing Brandt v. Carlson (In re Carlson), 231 B.R. 640, 655 (Bankr. N.D. Ill. 1999) aff'd 250 B.R. 366 (N.D. Ill. 20000), aff'd 263 F.3d 748 (7th Cir. 2001).

37. In order to prevail under Section 727(a)(4), the objecting party must establish five elements:

>(1) the debtor made a statement under oath;
>
>(2) the statement was false;
>
>(3) the debtor knew the statement was false;
>
>(4) the debtor made the statement with the intent to deceive; and
>
>(5) the statement related materially to the bankruptcy case.

In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires). See also, In re Robert James Fink, citing Cohen v. Olbur (In re Olbur), 314 .R. 732, 745 (Bankr. N.D. Ill. 2004).

38. The first requirement is met in this case because Debtor's petition,

schedules and statement of financial affairs all constitute statements under oath for purpose of Section 727(a)(4). In re Robert James Fink, citing John Deere Co. v. Broholm (In re Broholm), 310 B.R. 864, 880 (Bankr. N.D. Ill. 2004).

39. The second requirement is met in this case because Debtor's schedules do not contain any reference to the assets listed in paragraph 10 above nor the payments and trasnfers listed in paragraphs 13 and 14 above. This exact type of failure to disclose was found to meet the false statement requirement in the case of In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires) citing Britton Motor Serv. v. Krich (In re Krich), 97 B.R. 919, 923 (Bankr. ND Il 1988). Subsequent voluntary disclosure through testimony or amendment to the schedules does not expunge the falsity of the oath. In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires) citing Community Center Union v. Bailey (In re Bailey), 147 B.R. 157, 165 (Bankr. ND Il 1992).

40. The third requirement is met in this case because Debtor is a businessman with the education and experience to know that his statements in the Schedules were incomplete and inaccurate.

41. The fourth requirement that the objecting party show that the debtor made the false statements with fraudulent intents requires a showing that the debtor either knowingly intended to defraud or engaged in behavior that displayed a reckless disregard for the truth. In re Robert James Fink, citing Yonikus, 974 F.2d at 905. The requisite intent may be inferred from circumstantial evidence or by inference based on a course of conduct. Id. Once the objecting party shows a debtor made false statements with a "reckless indifference to the truth", the objecting party need not offer

11

any further evidence of fraud. In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires) citing Calisoff v. Calisoff (In re Calisoff), 92 B.R. 346, 355 (Bankr. ND IL 1988).

42. In the present case, Debtor knew about his ownership of each of the assets listed in paragraph 10 above and the payments and transfers listed in paragraphs 13 and 14 above - none of which were included by Debtor in his Schedules. Debtor knew that disclosure was required by simply reading the instructions to the Schedules. In addition, Debtor was assisted by bankruptcy counsel in preparing the Schedules and failed to reveal to counsel the existence of these assets and liabilities. The foregoing shows a pattern of deception or a reckless disregard of or indifference to the truth.

43. The fifth requirement of materiality has been interpreted by the Court under the following test: "[T]he test of materiality of the subject matter of a false oath is whether it 'bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property'". In re Robert James Fink, citing Bailey, 147 B.R. at 162. A false oath may be material even though it does not result in any detriment or prejudice to a creditor. In re Tieszen, 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires) citing Scimeca v. Umanoff, 169 B.R. 536, 543, (D. NJ 1993) aff'd, 30 F.3d 1448 (3rd Cir. 1994).

44. In the present case, the failure by Debtor to disclose the assets listed in paragraph 10 above and the payments and transfers described in paragraphs 13 and 14 above have a direct relationship to the bankruptcy estate and concerns the

discovery of assets and the disposition of property. Thus, such false statements are material to this case.

45. As Judge Squires found in <u>In re Tieszen,</u> 1999 WL 669263 (Bankr. ND IL 1999)(J.Squires), creditors lack the time and resources to play detective and uncover all assets and transactions of their debtors. In the present case, counsel for the Plaintiff expended significant time and expense in uncovering assets and liabilities not included by Debtor in his Schedules. Debtor's failure to disclose these assets and liabilities is grounds for denial of his discharge under Section 727(a)(4)(A).

## FOURTH CAUSE OF ACTION

### 11 U.S.C. §727(a)(4)(D)
### Denial of Discharge Failure to Keep Books and Records

46. Plaintiff repeats the allegations in paragraphs 5 to 17 as if set forth fully herein.

47. Section 727(a)(4)(D) of the Bankruptcy Code provides in relevant part:

> (a) The court shall grant the debtor a discharge, unless -
>
>> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>>
>>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. §727(a)(4)(D).

48. A debtor has an obligations to turnover to a creditor all books and records relating to the debtor's assets and liabilities. This duty is a continuing one and dribbling out documents in response to discovery requests does satisfy it.

13

49. In the present case, Debtor has failed to provide full and complete documents in answer to Plaintiff's discovery. As is evident from the docket in the State Court Action, Plaintiff's counsel has gone to great lengths to attempt to obtain information from Debtor. Notwithstanding Plaintiff's efforts, much remains to be discovered about Debtor's assets and liabilities.

50. Debtor's discharge should be denied under Section 727(a)(4)(D) based on Debtor's withholding from Plaintiff financial information, including books, documents, records, and papers relating to Debtor's property and financial affairs.

## FIFTH CAUSE OF ACTION

### 11 U.S.C. §727(a)(6)
### Refusal to Obey Court Order

51. Plaintiff repeats the allegations in paragraphs 5 to 17 as if set forth fully herein.

52. Section 727(a)(6) of the Bankruptcy Code provides:

> (a) The court shall grant the debtor a discharge, unless -
>
> (6) the debtor has refused, in the case -
>
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; . . .

11 U.S.C. §727(a)(6).

53. In the State Court Action, Debtor violated the citation to discover assets by by failing to answer the document production rider or appear for his examination. The citation is an order of the Court. Debtor also violated a rule to show cause order entered in the State Court Action. Plaintiff had to

14

obtain and have served a body attachment before Debtor answered the citation. The citation and rule to show cause are referred to as the "Orders".

54. Debtor's failure to comply with the Orders is willful inasmuch as Plaintiff, through his counsel, properly served Debtor with the Orders and has engaged in many conversations and communications with Debtor's counsel regarding Debtor's failure to comply. Debtor made no effort to discuss a modification of the Orders should Debtor claim an inability to comply with the current forms of the Orders.

55. Debtor's discharge should be denied under Section 727(a)(6) based on Debtor's failure to comply with the Orders.

## Legal Analysis - Summary

56. A discharge is the reward for an honest debtor who, through no fault of his own, is unable to pay his debts and has dutifully followed the bankruptcy statutes and rules and disclosed his liabilities and turned over his assets for distribution to creditors. See Village of San Jose v/ McWilliams, 284 F.3d 785, 790 (7th Cir. 2002). This Debtor, Ben Tesler, is not the type of honest misfortunate debtor the Bankruptcy Code was enacted to protect. He is experienced in litigation and has frustrated Plaintiff and Bankruptcy Trustee in their search for assets and explanation of his liabilities.

57. Debtor's failure to disclose his assets and liabilities in his Schedules, his failure to fully respond to discovery, the materiality of the assets and liabilities not disclosed, and Debtor's general disregard for his obligations as a debtor merit denial of the discharge in this case.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

  A.  Denying Debtor a discharge; and

  B.  Granting Plaintiff such other and further relief as the Court deems just and proper.

               4820 & 4901, LTD.

               _____
               By: B. Lane Hasler
               Its: Counsel

B. Lane Hasler
33 North Dearborn, Suite 2330
Chicago, Illinois 60602
Telephone: 312-893-0551
Email: lanehasler@blhlo.com